# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 12, 2002 Session

## IN RE: ESTATE OF DONALD BEN HENDERSON, DECEASED, JEFF HENDERSON v. KENNETH HENDERSON

**Appeal from the Probate Court for Monroe County**
**No. 98-116     Edwin C. Harris, Probate Judge**

### FILED JANUARY 29, 2003

### No. E2002-01155-COA-R3-CV

Donald Ben Henderson ("Deceased") died in 1998. Jeff Henderson ("Appellant") is the Deceased's grandson. Kenneth Henderson ("Appellee") is the Deceased's son. Appellant and Appellee each submitted documents for probate purporting to be the last will and testament of the Deceased. In total, three wills and a revocation were filed with the Probate Court. The Probate Court entered its Order of Probate on October 18, 2001, holding that none of the three documents submitted should be admitted to probate as the Deceased's will. Based upon this determination, the Probate Court held the Deceased died intestate. More than thirty days after October 18, 2001, Appellee filed a motion to excuse the administrator *ad litem* and requested he be appointed personal representative of the estate. Appellant opposed the motion and filed a will contest. The Probate Court's order of April 23, 2002, appointed Appellee personal representative of the estate and stated its earlier order holding the Deceased died intestate was a final order. Appellant appealed. Appellee argues this Court lacks jurisdiction to hear the appeal because the notice of appeal was filed late. We hold the notice of appeal was not filed timely. We, therefore, are without jurisdiction to hear this appeal and, accordingly, dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed, Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

John W. Cleveland, Sweetwater, Tennessee, for the Appellant, Jeff Henderson.

Charles Dungan, Maryville, Tennessee, for the Appellee, Kenneth Henderson.

## OPINION

### Background

Appellant petitioned the Probate Court to admit to probate a document dated August 21, 1996, purporting to be the last will and testament of the Deceased. A revocation of this August 1996 will, dated July 28, 1997, also was submitted to the Probate Court. Subsequently, Appellee petitioned the Probate Court to admit to probate a document dated October 20, 1998, purporting to be the last will and testament of the Deceased. A third document purporting to be the last will and testament of the Deceased, dated February 27, 1986, also was filed with the Probate Court.

The record on appeal is incomplete, making it difficult for this Court to piece together the history of this case. Appellant filed a notice stating no transcript or statement of the evidence or proceedings would be filed in the appeal. In addition to the Probate Court's orders, the petitions to admit, the three wills, and the revocation, the record also contains several documents referencing a conservatorship of the Deceased, including an order entered October 18, 2001, releasing and discharging the conservator from her duties. Appellant's brief states stipulations were made to the Trial Court. However, nothing in the record documents the substance of the stipulations. We are left to piece together the story using the few documents provided in the record.

The Order of Probate was entered on October 18, 2001, by the Probate Court holding the 1986 will was revoked by the 1996 will; the 1997 revocation revoked the 1996 will; the Deceased was subject to a conservatorship and not competent to execute the 1998 will; and that based upon the foregoing, the Deceased died intestate. The Order of Probate also appointed an administrator *ad litem* and stated "the proponents of the wills submitted to this Court file their will contests and/or counterclaims forthwith."

In December of 2001, Appellee filed a motion requesting the Probate Court excuse the administrator *ad litem* and appoint Appellee as the personal representative of the estate. Appellee's motion correctly stated more than thirty days had elapsed from the entry of the Order of Probate. Appellee argued since no appeal had been filed, the determination of intestacy was a final one and res judicata as to the wills rejected by the Probate Court. Appellant filed a response to Appellee's motion and also filed a notice of will contest. Appellant's complaint to contest will contested both the October 20, 1998 will and the July 28, 1997 revocation. The Probate Court entered an order on April 23, 2002, appointing Appellee personal representative of the estate and holding its October 18, 2001, order holding the Deceased died intestate to have been a final order. Appellant filed a notice of appeal on May 13, 2002.

### Discussion

Although not stated exactly as such, Appellant presents one issue for review: whether the Probate Court had jurisdiction to find the propounded wills invalid and declare the Deceased died intestate without giving the parties notice it was acting as a trial court in a will contest. Appellee

presents two additional issues: 1) whether this Court has jurisdiction to hear this appeal because the notice of appeal was not filed within thirty days of the entry of the order rejecting the three wills submitted for probate; and 2) whether the judgment of the Probate Court rejecting the three wills for probate is binding on all interested parties. As our answers to Appellee's issues may pretermit consideration of Appellant's issue, we start with a discussion of Appellee's issues.

An analysis of Appellee's first issue, whether this Court has jurisdiction over this appeal, hinges upon whether the Probate Court's order rejecting all three of the wills submitted for probate was a final order appealable as of right under Tenn. R. App. P. 3. If the order rejecting the wills was a final order, Appellant had thirty days from October 18, 2001, in which to appeal. *See* Tenn. R. App. P. 4.

The question of whether an order rejecting all propounded wills and holding a decedent died intestate is a final order apparently presents a matter of first impression in Tennessee. Neither the parties nor this Court found any Tennessee case directly on point. However, Pritchard on the Law of Wills and Administration of Estates does speak directly to this subject.

> If the probate court, on hearing the proof, rejects the will, the proponent doubtlessly would be entitled to an appeal to the circuit court of the county, the Court of Appeals, or the Supreme Court, as the case may be. But the judgment rejecting the will, if unappealed, is binding upon all persons interested, though a different result might have followed had the executor appealed. The propounder of the will is the representative of the will for the purpose of its probate, and acts for himself and all similarly interested persons though they are not formal parties to the proceeding and may have no notice of its pendency. This is true whether they are *sui juris* or laboring under infancy, insanity or other disability.

> The distinction between a judgment of the probate court in favor of the will and one against it, therefore, is marked. In the former case, it is binding while in force, but may be recalled by the probate court or set aside on a will contest; but when a will has been propounded by a party interested and fairly rejected on the merits, it would defeat the policy of the law and be productive of many mischiefs if it could be propounded again by the same person or others who might be interested, and the contest renewed from time to time. The judgment, therefore, against the will, must be regarded as a judgment against all claiming under it, standing upon a footing analogous to the cases known as judgments *in rem*, which, being adjudications upon the subject matter, are regarded as final and conclusive not only in the courts in which they are pronounced, but in all others in which the question arises.

Jack W. Robinson, Sr. & Jeff Mobley, 1 Pritchard on the Law of Wills and Administration of Estates § 340 (5th ed. 1994) (citations omitted).

Appellant's reply brief argues the language "the proponents of the wills submitted to this Court file their will contests and/or counterclaims forthwith" included in the Order of Probate makes the order an interim one. Appellant argues the Order of Probate was an interim order for the administration of the estate pending further proceedings and the order simply adjudicated whether any of the wills should be admitted to probate "preliminarily." We find this argument unconvincing. The Order of Probate adjudicated all the claims, rights and liabilities of all parties as to the propounded wills. *See* Tenn. R. Civ. P. 54.02. The quoted language was superfluous and did not change the character of the final order.

Appellant further argues the Order of Probate was not a final order because it remained within the court's control and was modified by the April 23, 2002 order. Appellant has misconstrued the April 23, 2002 order. The April 23, 2002 order did nothing more than relieve the administrator *ad litem* from his duties and appoint a personal representative of the estate. The April 23, 2002 order did nothing in regard to the Probate Court's determination that the propounded wills not be admitted to probate and that the Deceased died intestate. In no way did the April 23, 2002 order modify the holding of the October 18, 2001 Order of Probate.

We find the quoted section from Pritchard persuasive. We hold that when a court rejects all purported wills submitted for probate and enters an order holding the decedent died intestate, such order constitutes a final order and must be appealed from, if at all, within thirty days. Appellant did not file his notice of appeal until May 13, 2002, more than 180 days after the entry of the Order of Probate. Appellant did not timely appeal the Order of Probate and this Court lacks jurisdiction to hear the appeal. The Order of Probate entered October 18, 2001, was a final order and, since it was not timely appealed, is binding upon all interested parties. As this Court lacks jurisdiction, this appeal must be dismissed.

## Conclusion

The appeal is dismissed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellant, Jeff Henderson, and his surety.

_____
D. MICHAEL SWINEY, JUDGE